**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **LUCAS C. WOOD** | § | |
| | § | |
| *Plaintiff,* | § | **CIVIL ACTION NO. 2:25-cv-301** |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| **HAIRPIN TRUCKING, LLC** | § | **COLLECTIVE ACTION** |
| | § | **PURSUANT TO 29 U.S.C. § 216(b)** |
| | § | |
| *Defendant.* | § | |

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Lucas C. Wood Individually and on behalf of all current and former dispatcher employees as members of a putative class defined herein brings this action against Defendant Hairpin Trucking, LLC (hereinafter "Hairpin Trucking") to recover overtime pay, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

**I.**
**OVERVIEW**

1.      This is an action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq*.

2.      Plaintiff and the Potential Class Members were employed as salaried dispatcher workers who worked for Hairpin Trucking within the last three years, but did not qualify for any exemption for payment of overtime pay under the FLSA.

3.      Plaintiff Wood and the Potential Class Members were paid on a salary basis. Specifically, Hairpin Trucking paid Wood and the Potential Class Members a weekly salary without the proper overtime premium for all hours worked in excess of 40 in a workweek.

---

4.      The decision by Hairpin Trucking not to pay proper overtime compensation to Wood and the Potential Class Members was neither reasonable nor in good faith.

5.      Hairpin Trucking knowingly and deliberately failed to compensate Wood and the Potential Class Members properly calculated overtime for all hours worked in excess of forty (40) hours per workweek.

6.      Wood and the Potential Class Members did not perform work that meets the definition of exempt work under the FLSA.

7.      Plaintiff Individually and on behalf of the Potential Class Members therefore seeks to recover all unpaid overtime and other damages owed under the FLSA pursuant to 29 U.S.C. § 216(b).

## II.
## THE PARTIES

8.      Plaintiff Lucas C. Wood is an individual who resides in Rusk County, Texas. Wood worked at the Hairpin Trucking location at 1086 Shady Lane, Hallsville, Harrison County, Texas 75650.  Plaintiff Wood has filed a consent to join this case, attached hereto as Exhibit A. Plaintiff and the Potential Class Members worked for Hairpin Trucking within the meaning of the FLSA within this judicial district within the relevant three-year period. During their employment with Hairpin Trucking, Plaintiff and the Potential Class Members was paid a fixed salary for all hours worked but did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.

9.      Defendant, Hairpin Trucking Equipment, LLC is a limited liability company and will be served with process through its registered agent for service, Mike Shaffer, 1080 Shady Lane, Hallsville, Texas 75650.

## III.
## JURISDICTION & VENUE

10.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq*.

11.     This Court has personal jurisdiction over Hairpin Trucking because the cause of action arose within this district as a result of Hairpin Trucking's illegal pay practices instituted within this district.

12.     Venue is proper in the Eastern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

13.     Specifically, Hairpin Trucking operates a yard in Hallsville, Texas.

14.     Pursuant to 28 U.S.C. § 1391, venue is proper in any division of the Eastern District of Texas.

## IV.
## FLSA COVERAGE

15.     At all times hereinafter mentioned, Hairpin Trucking has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16.     At all times hereinafter mentioned, Hairpin Trucking has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17.     At all times hereinafter mentioned, Hairpin Trucking has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production

thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

18.    During the respective periods of Plaintiff and the Potential Class Members' employment by Hairpin Trucking, these individuals provided services for Hairpin Trucking that involved interstate commerce.

19.    In performing the operations hereinabove described, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

20.    At all times hereinafter mentioned, Plaintiff and the Potential Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

**V.**
**FACTS**

**A.    Salaried Employees**

21.    Plaintiff Wood and the Potential Class Members worked for Hairpin Trucking as salaried employees; however, the work they did for Hairpin Trucking was not exempt under any definition under the FLSA.

22.    Even though Wood and the Potential Class Members' work responsibilities did not qualify them for any exemption to the payment of overtime wages and they were not paid overtime wages for all hours worked over 40 in each and every workweek.

23.    The evidence at trial will show that Wood and the Potential Class Members were not paid overtime wages at one and one-half times the regular hourly rate for all hours worked in excess of 40 hours in a work week.

24.     Plaintiff believes and, therefore, allege that the failure of Hairpin Trucking to pay Wood overtime pay was intentional.

## VI.
## CAUSES OF ACTION

### A.     MISCLASSIFICATION VIOLATION

25.     Hairpin Trucking's misclassification of Wood and the Potential Class Members as exempt from overtime pay is a violation of the FLSA. Wood and the Potential Class Members' work for Hairpin Trucking was not exempt from overtime pay as defined under 29 USC §207, 213(a) or (b) or 29 CFR parts 451, 531, 541, 778, 785 or 790.  Therefore, Hairpin Trucking is liable for overtime pay to Wood and the Potential Class Members for all hours worked over forty (40) in the workweek.

### B.     ALLEGATIONS COMMON TO ALL VIOLATIONS

26.     Hairpin Trucking knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff overtime compensation for all of the overtime hours worked. *See* 29 U.S.C. § 255(a).

27.     Hairpin Trucking knew or should have known its pay practices were (and continue to be) in violation of the FLSA.

28.     Hairpin Trucking is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

29.     Plaintiff and the Potential Class Members, on the other hand, are unsophisticated laborers who trusted Hairpin Trucking to pay them according to the law.

30.     The decisions and practices by Hairpin Trucking not to properly pay overtime for all of the overtime hours worked as alleged herein were neither reasonable nor in good faith.

31.    Accordingly, Plaintiff and the Potential Class Members are entitled to overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorney's fees and costs.

## VII.
## COLLECTIVE ACTION

32.    Pursuant to 29 U.S.C. § 216 (b), Plaintiff Wood brings this action in his individual capacity and as a collective action.  As alleged in detail elsewhere herein, Plaintiff Wood seeks this court's appointment and\or designation as representative of a class of similarly situated employees of Hairpin Trucking who were not paid for all overtime hours worked as described herein.  On information and belief, there are numerous safety supervisors who were not paid for all overtime hours worked for Hairpin Trucking as described herein.  The questions of law and fact are common to the class of similarly situated employees. The failure to pay its employees for the overtime hours worked was common to all of Hairpin Trucking's dispatchers.

33.    Plaintiff Wood specifically requests that he be permitted to serve as a representative of the affected class, and this action should be certified as a collective action pursuant to 29 U.S.C. § 216(b).

## RELIEF SOUGHT

34.    Plaintiff respectfully pray for judgment against Hairpin Trucking as follows:

   a.    For an Order awarding Plaintiff back wages that have been improperly withheld;

   b.    For an Order pursuant to Section 16(b) of the FLSA finding Hairpin Trucking liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

   c.    For an Order awarding Plaintiff the costs of this action;

   d.    For an Order awarding Plaintiff attorney's fees;

e.   For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

f.   For an Order compelling the accounting of the books and records of Hairpin Trucking; and

g.   For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Phone/Facsimile
bhommel@hommelfirm.com

**ATTORNEY FOR PLAINTIFF AND THE POTENTIAL CLASS MEMBERS**

---