**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **LUCAS C. WOOD,** | § | |
| *Plaintiff,* | § | **NO. 2:25-CV-00301-JRG** |
| **v.** | § | |
| | § | **JURY DEMANDED** |
| **HAIRPIN TRUCKING, LLC** | § | |
| *Defendant.* | § | |
| | § | |

**DEFENDANT HAIRPIN TRUCKING, LLC'S ANSWER TO PLAINTIFF'S ORIGINAL
COLLECTIVE ACTION COMPLAINT**

Defendant Hairpin Trucking, LLC ("Defendant") answers the allegations in Plaintiff Lucas

C. Wood's ("Plaintiff") Original Collective Action Complaint ("Complaint") as follows, denying

Plaintiff's allegations and averments except that which is expressly admitted herein:

**OVERVIEW**

1.      Defendant admits that Plaintiff purports to bring this action under the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Defendant denies that it violated the FLSA and

specifically denies that Plaintiff is entitled to any relief. Defendant also denies that any other

employees were similarly situated to Plaintiff or entitled to collective treatment under 29 U.S.C. §

216(b).

2.      Denied.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Defendant denies that the named Plaintiff has stated a claim pursuant to 29 U.S.C.

§ 216(b).  Defendant denies that Plaintiff has established a colorable basis for his claim that a class

of similarly situated plaintiffs exists.  Plaintiff has failed to provide sufficient factual allegations to evaluate or support such a claim.

## PARTIES

8.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the Complaint regarding Mr. Wood, and therefore denies them.  Defendant denies that the named Plaintiff has stated a claim pursuant to 29 U.S.C. § 216(b).

9.      Defendant denies that "Hairpin Trucking Equipment, LLC" is the correct name of Defendant as stated in Paragraph 9 of the Complaint but admits that "Hairpin Trucking, LLC" is the proper name of the LLC and the associated registered agent information is correct.

## JURISDICTION AND VENUE

10.      Defendant admits Plaintiff purports to bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. To the extent Plaintiff asserts claims under any other federal or state laws, Defendant denies that Plaintiff has properly exhausted any administrative remedies that may be required. Defendant denies that it has violated the FLSA or any other law, and denies that Plaintiff is entitled to any relief.

11.      Defendant denies that it engaged in any illegal pay practices or other conduct giving rise to liability under the FLSA. However, Defendant does not contest that this Court may exercise personal jurisdiction over it for purposes of this action only.

12.      Defendant does not contest that venue is proper in the Eastern District of Texas under 28 U.S.C. § 1391(b) for purposes of this action only. Defendant denies that it committed any unlawful acts within this District.

13.      Defendant admits that it operates a yard in Hallsville, Texas.

2

14. Defendant does not contest that venue may be proper in any division of the Eastern District of Texas for purposes of this action only. Defendant denies any liability for the claims asserted.

## ALLEGED FLSA COVERAGE

15. Defendant admits that it has employed individuals within the meaning of Section 3(d) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d), during relevant periods. Defendant denies any violation of the FLSA.

16. Defendant admits that it has operated as an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), during relevant periods. Defendant denies that it engaged in any unlawful employment practices or is liable under the FLSA.

17. Defendant admits that, during relevant periods, it has had employees handling goods or materials that have moved in interstate commerce and that its annual gross volume of sales or business exceeds $500,000, exclusive of applicable excise taxes. Defendant denies that it failed to comply with the FLSA or that Plaintiff is entitled to relief.

18. Defendant denies the allegations in Paragraph 18 except to admit that Plaintiff performed certain dispatch-related functions. Defendant denies that Plaintiff or any putative class members are entitled to relief under the FLSA.

19. Defendant denies the allegations in Paragraph 19, including that Plaintiff was engaged in commerce or in the production of goods for commerce in a manner that would entitle him to relief under the FLSA.

20. Defendant denies the allegations in Paragraph 20 and specifically denies that Plaintiff or the alleged putative class members are entitled to any relief under the FLSA.

## ALLEGED FACTS

21.     Defendant admits that Plaintiff Lucas Wood was compensated on a salaried basis during his employment with Hairpin Trucking. Defendant denies that Plaintiff or any alleged similarly situated individuals were non-exempt under the Fair Labor Standards Act ("FLSA") and specifically denies that they were entitled to overtime compensation. Defendant asserts that Plaintiff was properly classified as exempt under one or more provisions of the FLSA, including but not limited to the executive exemption and/or the motor carrier exemption under 29 U.S.C. § 213(b)(1).

22.     Defendant denies the allegations in Paragraph 22. Defendant asserts that Plaintiff was compensated in compliance with the FLSA and applicable exemptions. To the extent Plaintiff worked hours over 40 in any workweek, he was properly classified and compensated pursuant to the law.

23.     Defendant denies the allegations in Paragraph 23. Defendant denies that Plaintiff or any similarly situated employees were entitled to overtime compensation and denies that it failed to compensate Plaintiff as required by law.

24.     Defendant denies the allegations in Paragraph 24 and specifically denies that any alleged failure to pay overtime was intentional. Defendant further denies that it acted willfully, recklessly, or in bad faith at any time and asserts that it acted at all times in good faith and in accordance with the FLSA and Department of Labor guidance.

## ALLEGED CAUSES OF ACTION

### A.  PURPORTED MISCLASSIFACTION VIOLATION

25.     Defendant denies the allegations in Paragraph 25. Defendant specifically denies that it misclassified Plaintiff or any alleged similarly situated individuals as exempt from the overtime provisions of the FLSA. Defendant asserts that Plaintiff was properly classified as

4

exempt under one or more provisions of the FLSA, including but not limited to the executive exemption and/or the motor carrier exemption under 29 U.S.C. § 213(b)(1). Defendant further denies that it is liable for any unpaid overtime compensation.

## B. PURPORTED ALLEGATIONS COMMON TO ALL VIOLATIONS

26.    Defendant denies the allegations in Paragraph 26. Defendant specifically denies that it knowingly, willfully, or recklessly failed to pay Plaintiff overtime compensation, and denies that any alleged failure to pay overtime was unlawful under the FLSA.

27.    Defendant denies the allegations in Paragraph 27. Defendant asserts that at all relevant times, it acted in good faith and had reasonable grounds for believing that its compensation practices were in compliance with applicable law.

28.    Defendant denies the allegations in Paragraph 28. Defendant denies that its pay policies violated the FLSA and denies any assertion that it acted with knowledge or reckless disregard of the law.

29.    Defendant is without sufficient knowledge to admit or deny the characterization of Plaintiff or the putative class members as "unsophisticated laborers" and therefore denies the same. Defendant further denies that it violated the FLSA or any duty owed to Plaintiff.

30.    Defendant denies the allegations in Paragraph 30. Defendant affirmatively states that its compensation policies and practices were reasonable and implemented in good faith, based on its understanding of applicable law and guidance.

31.    Defendant denies that Plaintiff or any alleged putative class members are entitled to any unpaid overtime compensation, liquidated damages, attorney's fees, or costs under the FLSA or otherwise.

## COLLECTIVE ACTION

32.     Defendant denies the allegations in Paragraph 32. Defendant denies that Plaintiff Lucas Wood is similarly situated to other employees of Hairpin Trucking. Defendant specifically denies that it maintained a common policy or practice of failing to pay dispatchers or any other employees overtime in violation of the Fair Labor Standards Act ("FLSA"). Defendant further denies that collective treatment of the claims in this case is appropriate under 29 U.S.C. § 216(b), and denies that the alleged questions of law or fact are common to any purported class.

33.     Defendant denies that this action is appropriate for certification as a collective action under 29 U.S.C. § 216(b). Defendant denies that Plaintiff is similarly situated to other employees or that he may serve as a proper class representative. Defendant further denies that any class of affected employees exists or that any individuals are entitled to collective relief.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief from or against Defendant, and Defendant specifically denies all of the allegations and prayers for relief contained in Paragraph 34 (a)-(g) of the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant Hairpin Trucking, LLC ("Defendant") asserts the following defenses, affirmative or otherwise, without assuming any burden it would not otherwise bear under applicable law, and upon information and belief:

1.     Plaintiff has failed to state a claim upon which relief may properly be granted.

2.      Plaintiff has failed to state a claim pursuant to 29 U.S.C. § 216(b) that could support certification of a collective action on behalf of similarly situated employees.

3.      Plaintiff was properly classified and compensated as exempt from overtime under one or more provisions of the Fair Labor Standards Act, including but not limited to the executive exemption under 29 U.S.C. § 213(a)(1) and the motor carrier exemption under 29 U.S.C. § 213(b)(1).

4.      Plaintiff was paid a fixed weekly salary that satisfied the salary basis requirements of the FLSA and was reasonably related to the duties performed.

5.      Plaintiff's claims are barred to the extent they seek compensation for time that is not compensable under the Portal-to-Portal Act or other provisions of the FLSA.

6.      All or part of Plaintiff's claims are barred because the amount of any alleged unpaid overtime was de minimis.

7.      Without assuming any burden of proof, Defendant states that Plaintiff was compensated for all hours worked in excess of 40 in any workweek at a rate not less than that required under the FLSA.

8.      Any act or omission on the part of Defendant which may have resulted in an alleged FLSA violation was not knowing or willful and was not done in reckless disregard of the law.

9.      Defendant acted in good faith and with reasonable grounds for believing its compensation practices complied with the FLSA. As such, Plaintiff is not entitled to liquidated damages under 29 U.S.C. § 260.

10.     Some or all of Plaintiff's claims are barred by the applicable statute of limitations, including the two-year limitation period set forth in 29 U.S.C. § 255(a), and Plaintiff has failed to establish facts to support a willful violation.

11.     Some or all of Plaintiff's alleged damages are subject to offset, including for any periods in which Plaintiff was overpaid or not entitled to compensation.

12.     Plaintiff has failed to mitigate his alleged damages, to the extent any exist.

13.     Plaintiff has suffered no actual damages or injury sufficient to warrant relief.

14.     Some or all of Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

15.     Defendant reserves the right to assert that Plaintiff's claims are barred by accord and satisfaction, payment, release, or other equitable or legal defenses that may be revealed through discovery.

16.     Any claims by Plaintiff arising under any state law or other statute not specifically pled in the Complaint are barred due to Plaintiff's failure to exhaust administrative remedies, if applicable.

Defendant reserves all affirmative defenses under Rule 8(c) of the FEDERAL RULES OF CIVIL PROCEDURE, and any other defenses, at law or in equity, which may now exist or in the future may be available based on the discovery and further factual investigation in this case. Defendant specifically reserves all objections and defenses to any motion for conditional certification or issuance of notice under 29 U.S.C. § 216(b) and does not waive any rights with respect to opposing collective treatment or class certification of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant HAIRPIN TRUCKING, LLC prays that Plaintiff's claims be dismissed, with prejudice, and that Plaintiff take nothing, Defendant recover all costs, including attorneys' fees, expended on their behalf, and that Defendant be awarded such other legal and equitable relief and remedy as the Court deems just and proper.

Dated:  May 27, 2025

Respectfully submitted,

By: */s/ Daniel A. Noteware, Jr.*
Daniel A. Noteware, Jr.
State Bar No. 24051123
**NOTEWARE LAW FIRM, P.C.**
100 E. Ferguson, Suite 1206
Tyler, Texas 75702
(903) 747-8245
(903) 730-5151 (Facsimile)
dan@notewarelaw.com

**ATTORNEY FOR DEFENDANT
HAIRPIN TRUCKING, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that all parties of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the electronic case filing ("ECF") system of the U.S. District Court, Eastern District of Texas, as per Local Rule CV-5(a)(3) on May 27, 2025.

*/s/ Daniel A. Noteware, Jr.*
Daniel A. Noteware, Jr.